# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

| | |
|---|---|
| **LUKE "UKE" LAJQI,** <br><br> Plaintiff, <br> v. <br><br> **THOMAS PEPE,** <br><br> Defendant. | **CASE NO.:** <br><br><br> **COMPLAINT AND JURY DEMAND** |

Plaintiff, LUKE LAJQI, sues Defendant, THOMAS PEPE, for damages and injunctive relief, and states and alleges as follows:

1. Plaintiff, LUKE "UKE" LAJQI ("UKE") is a natural person who is a citizen of the State of New Jersey.

2. Defendant, THOMAS PEPE ("PEPE") is a natural person who is a citizen of the State of Florida. PEPE's last known address was 1113 Sterling Point Place, Gulf Breeze, Florida.

3. Personal Jurisdiction is proper over the Defendant on the grounds that he is domiciled within the state.

4. Venue in the United States District Court, Middle District of Florida, is proper on the grounds that it is where a substantial part of the events or omissions giving rise to the complaint occurred.

5. Jurisdiction is proper pursuant to 28 USC 1332 on the grounds that Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.

6. PEPE is the son of Eugenio Pepe, who died in Lee County, Florida, on December 30, 2020.

7. On October 4, 2021, PEPE was appointed as personal representative of the Estate of Eugenio Pepe. There is currently a probate administration action pending in Lee County entitled In RE: Estate of Eugenio Pepe, C.A. No.: 21-CP-1212 (the "Estate Administration Action")

8. Thereafter, on or about May 3, 2022, UKE and PEPE entered into a contract for purchase and sale of real property located in Lee County, Florida, belonging to the Estate of Eugenio Pepe.

9. UKE and PEPE entered into an addendum to the Contract that made it the "buyer's obligation to purchase the Estate of Eugene Pepe" contingent upon "court probate approval."

10. However, on May 19, 2022, Defendant repudiated the contract and refused to close on the transaction.

11. PEPE's refusal to close on the purchase led to the filing of a civil action for specific performance and damages entitled <u>Uke Lajqi v. Thomas Pepe, as Personal Representative of the Estate of Eugenio Pepe,</u> Lee County C.A. 22-CA-3265 (the "Specific Performance Action").

12. In response to the filing of the Specific Performance Action, PEPE filed a motion in the Estate Administration Action for authorization to sell the Property to a different party.

13. Later, PEPE, for reasons known only to PEPE, resigned as personal representative of the Estate of Eugenio Pepe.

14. Subsequent to his resignation as personal representative, PEPE began a campaign of harassment and intimidation against UKE.

15. The aforementioned harassment and intimidation campaign included, but is not limited to:

    a. Publishing false statements that UKE was committing fraud and he was a criminal.

    b. Posting statements on Facebook and other social media platforms that falsely claimed UKE committed real estate and bank fraud.

    c. Posting photographs of UKE online with a caption falsely suggesting that he had some part in murdering Eugenio Pepe.

    d. Using Facebook and LinkedIn to send messages to friends and business contacts falsely stating that UKE had committed fraud and criminal conduct.

  e. Sending messages to UKE's mother telling her that her son was about to be arrested for a criminal act.

16. As a result of the false statements about UKE made by PEPE, UKE has suffered reputational damage and emotional distress.

17. Plaintiff has met all conditions precedent to the filing of the instant action, or such conditions precedent have been waived and/or excused.

### Count I – Defamation Per Se

18. Plaintiff repeats and realleges paragraphs 1 through 17 of the complaint as if set forth fully herein.

19. Defendant published the statements set forth in paragraph 15 above to third parties.

20. The statements by Defendant set forth in paragraph 15 above were false.

21. The statements were with intentional, reckless, or negligent disregard for as to the falsity of the statements.

22. Plaintiff suffered actual damages as a result of the false statements.

23. The statements made by Defendant are defamatory to Plaintiff.

**WHEREFORE**, Plaintiff respectfully requests that the court enter judgment on Count I of the complaint, together with interest, costs, punitive damages, and such other relief as the court deems just and appropriate.

### Count II – Intentional Infliction of Emotional Distress

24. Plaintiff repeats and realleges paragraphs 1 through 17 of the complaint as if set forth fully herein.

25. The harassment and intimidation campaign, detailed in paragraph 15 above, was intended by Defendant to cause emotional distress on the part of Defendant or was conducted with conscious disregard of the risk of resulting emotional distress on the part of Defendant.

26. The conduct set forth in paragraph 15 above was outrageous.

27. The conduct set forth in paragraph 15 caused severe emotional distress.

**WHEREFORE,** Plaintiff respectfully requests that the court enter judgment on Count II of the complaint, together with interest, costs, punitive damages, and such other relief as the court deems just and appropriate.

### III – Injunctive Relief

28. Plaintiff repeats and realleges paragraphs 1 through 17 of the complaint as if set forth fully herein.

29. Defendant continues to engage in defamation per se by virtue of the harassment campaign set forth in paragraph 15.

30  Plaintiff lacks an adequate remedy at law to address the ongoing defamatory actions by Defendant.

31. Injunctive relief is needed to prevent irreparable harm to Plaintiff by Defendant.

**WHEREFORE,** Plaintiff respectfully requests that the court enter preliminary and permanent injunctive relief precluding Defendant from publishing false statements accusing Defendant of being a criminal and committing fraud, award cost, attorney's fees and such other relief as the court deems just and appropriate.

### JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.

Dated this 22nd day of December, 2023.

Respectfully submitted,

**MAHSHIE & DECOSTA, P.A.**
*Attorneys for Plaintiff*
1560 Matthew Drive, Suite E
Fort Myers, Florida  33907
Telephone:  (239) 931-7566

Facsimile:   (239) 931-7560
Primary: eservice@md-lawfirm.com
Secondary: chris@md-lawfirm.com
paige@md-lawfirm.com

*/s/ Christopher DeCosta*
Christopher DeCosta, Esq.
Florida Bar No.: 271410